UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ALEXIS AGUILAR,

    Petitioner,

vs.

MATHEW CATE, Secretary of the CDCR,

    Respondent.

No. C 11-4267 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner sent the court a completed page one of the court's form for habeas petitions and a certificate of service. In an effort to protect his rights, the filing was treated as an attempt to file a new habeas case and assigned this case number. The next day a complete habeas petition arrived and was given case number C 11-4313 JS (PR). When it was realized that the cases were duplicative, case number C 11-4313 JS (PR) was dismissed without prejudice and the petition from C 11-4313 JS(PR) was filed in this case as an amended petition. It is the "amended petition" that is reviewed here.

Petitioner was convicted in Monterey County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

**BACKGROUND**

Petitioner's first trial ended in a mistrial. At his second trial, a jury convicted him of first degree murder and found that he personally used a gun to commit the crime. He also was convicted of street terrorism, and the court found that he personally used a firearm in that offense. He was sentenced to an aggregate prison term of fifty-six years to life.

Petitioner appealed. The California Court of Appeal affirmed and the Supreme Court of California denied review. Petitioner also filed a state habeas petition that was denied by

the court of appeal contemporaneously with its affirmance of his conviction. The California Supreme Court denied a petition for review of the habeas denial, with one justice dissenting from the denial.

## DISCUSSION

### A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "[H]abeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B.  Legal Claims

As grounds for federal habeas relief, petitioner asserts that: (1) His Sixth and Fourteenth Amendment rights were violated by the exclusion of certain expert testimony; and (2) his counsel was ineffective when he did not object to purported prosecutorial misconduct in closing argument. These claims are sufficient to require a response.

## CONCLUSION

1. The clerk shall serve by regular mail a copy of this order and the amended petition and all attachments thereto on respondent and respondent's attorney, the Attorney

1 General of the State of California.  The clerk also shall serve a copy of this order on
2 petitioner.

3     2.  Respondent shall file with the court and serve on petitioner, within sixty days of
4 the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules
5 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
6 granted.  Respondent shall file with the answer and serve on petitioner a copy of all
7 portions of the state trial record that have been transcribed previously and that are relevant
8 to a determination of the issues presented by the petition.

9     If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
10 the court and serving it on respondent within thirty days of his receipt of the answer.

11     3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
12 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
13 Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court
14 and serve on respondent an opposition or statement of non-opposition within thirty days of
15 receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
16 within fifteen days of receipt of any opposition.

17     4. Petitioner is reminded that all communications with the court must be served on
18 respondent by mailing a true copy of the document to respondent's counsel.  Petitioner
19 must keep the court informed of any change of address and must comply with the court's
20 orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
21 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*
22 *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

23 **IT IS SO ORDERED.**
24 Dated:  November 10, 2011.
25                                               PHYLLIS J. HAMILTON
                                              United States District Judge

28 P:\PRO-SE\PJH\HC.11\aguilar4267.osc.wpd